**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) | EMCASCO INSURANCE COMPANY, an Iowa Insurance Company, | ) ) ) ) |
| | Plaintiff, | ) ) |
| | vs. | ) ) ) |
| 2) | **BRYANT & BRYANT CONSTRUCTION, INC.**, a Kansas Corporation, | ) ) ) ) |
| | Defendant. | ) ) |

CASE NO. 09-cv-610-GKF-TLW

## COMPLAINT FOR DECLARATORY JUDGMENT

For its Complaint for Declaratory Judgment, Plaintiff, EMCASCO Insurance Company, states and alleges:

### I. PARTIES

1. EMCASCO Insurance Company ("EMCASCO") is a foreign insurance company authorized to do business in the State of Oklahoma. EMCASCO is incorporated and domiciled in the State of Iowa.

2. Bryant & Bryant Construction, Inc. (hereafter "Bryant & Bryant"), is a foreign corporation doing business in the State of Oklahoma.

3. The business address for Bryant & Bryant is 703 McNair Street, Halstead, KS 67056-2420. The Kansas service agent for Bryant & Bryant is Kaywin "Bud" Bryant, 429 Harvey, Halstead, KS 67056. Bryant & Bryant is a foreign corporation registered to do business in the State of Oklahoma and has appointed the Oklahoma Secretary of State as its Oklahoma Registered Service Agent.

## II. VENUE

4. The subject matter of this Complaint, as more fully set forth below, occurred in Bartlesville, Washington County, State of Oklahoma, which is within the jurisdictional boundaries of the United States District Court for the Northern District of Oklahoma.

5. The parties, as identified in paragraphs 1-3 above, do business in the Northern District of Oklahoma.

6. All events giving rise to this action occurred in the Northern District of Oklahoma.

7. Pursuant to 28 U.S.C. § 1391, Venue is proper in this Court.

## III. JURISDICTION

8. Diversity of Citizenship exists by and between Plaintiff EMCASO and Defendant Bryant & Bryant.

9. The amount in controversy exceeds Seventy-five Thousand Dollars ($75,000.00).

10. This action is for Declaration of Rights under an insurance policy, pursuant to 28 U.S.C. § 2201.

11. Pursuant to 28 U.S.C. §§ 1332 and 2201, this Court has Jurisdiction over this matter.

## IV. SUBJECT MATTER OF THIS COMPLAINT FOR DECLARATORY JUDGMENT

12. EMCASCO issued a General Liability Insurance Policy number 3D4-29-83-07, naming Bryant & Bryant Construction, Inc. as "insured." This insurance policy will be hereafter referred to as the "CGL policy."

13. The CGL policy is for a policy period of 08/03/06 – 08/03/07.

14. On or about April 17, 2006, Bryant & Bryant entered into a contract with the City of Bartlesville, Oklahoma for:

> Furnishing all materials, labor, equipment, and expense necessary to construct or modify Frank Phillips Blvd., and adjacent walks including but not limited to demolition, excavation, drainage pipes, curb inlets, installing concrete planters, bollards, monoliths, obelisk, and steel tube fencing and providing all necessary modifications to the drainage, irrigation and electrical systems supplying the streetscape as called for in the plans and specifications on file in the Engineering Division office for Downtown Angle Parking Improvements;

> as outlined and set out in the bidding documents and in accordance with the terms, specifications and provisions of said Contract.

15. From approximately August 2006 through approximately October 2006, Bryant & Bryant procured the concrete to do the road work/replacement on the street from B&H Concrete, LLC, 1801 W. 14th ST, Bartlesville OK, 74003 (hereafter "B&H").

16. B&H only mixed, transported and delivered the concrete to the work site.

17. Bryant & Bryant performed all the work to prepare the site, set forms, direct the concrete, and finish the concrete/street.

18. On or before November of 2006, the street work portion of the contract was completed by Bryant & Bryant and put to its intended use by the City of Bartlesville.

19. In December of 2006, (and following a November ice/snow storm) the City of Bartlesville first expressed concern over spalling and/or other alleged failure or problems with the concrete street to Bryant & Bryant. The City of Bartlesville thereafter made claim against Bryant & Bryant that the concrete allegedly did not meet acceptable and/or contractual specifications and was allegedly failing. The allegations are that the concrete did not have sufficient air entrainment.

20. Demand has been made upon Bryant & Bryant by the City of Bartlesville to repair

or replace, or to pay for repairs or replacement, of the concrete.

21. On or about 03/09/09, EMCASCO was first notified of the City of Bartlesville's claims.

22. Demand has been made upon EMCASCO by Bryant & Bryant to pay for the repairs or replacement on its behalf pursuant to the CGL policy.

23. The CGL insurance policy does not afford coverage for these sums.

24. The CGL policy contains Exclusion 2(l), which excludes "Damage to Your Work" and states:

> **2.  Exclusions**
>
> This insurance does not apply to:
>
> **l.  Damage to Your Work**
>
> > "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard."
> >
> > This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a sub-contractor.

25. The CGL policy contains the following pertinent definitions at SECTION V:

> **16.**  "Products-completed operations hazard":
>
> > **a.**  Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
> >
> > > **(1)**  Products that are still in your physical possession; or
> > >
> > > **(2)**  Work that has not yet been completed or abandoned. However "your work" will be deemed

completed at the earliest of the following times:

**(a)** When all of the work called for in your contract has been completed.

**(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

**(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

Work that may need service maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

**(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured,

**(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

**(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed

5

        operations are subject to the General Aggregate Limit.

**17.** "Property damage" means:

    **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

[Remainder of definition omitted because it deals with electronic data]

**22.** "Your work":

    **a.** Means:

        **(1)** Work or operations performed by you or on your behalf; and

        **(2)** Materials, parts or equipment furnished in connection with such work or operations.

    **b.** Includes

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and

        **(2)** The providing of or failure to provide warnings or instructions.

26. EMCASCO believes the above exclusion precludes coverage under the CGL policy for the sums now claimed.

27. EMCASCO understands that Bryant & Bryant contends that B&H, who supplied the concrete, was a "subcontractor" on the job; thus the "subcontractor" exception to the exclusion 2(l) applies.

28. EMCASCO does not believe that B&H was a subcontractor; thus, the exception to the exclusion does not apply.

## V. PRAYER FOR DECLARATORY JUDGMENT

29. EMCASCO prays the Court enter Judgment in this matter declaring that there is no coverage, duty to defend or duty to indemnify under the CGL policy for the sums sought against Bryant & Bryant for any or all of the following reasons:

   A. B&H was not a subcontractor on the subject project.

   B. Coverage is excluded by exclusion 2(l) of the CGL policy.

30. EMCASCO further prays the Court enter an Order granting all such relief as may be appropriate to enforce such Declaration.

Respectfully submitted,

s/Nevin R. Kirkland
Randy Witzke, OBA #10529 (Of Counsel to the Firm)
Nevin R. Kirkland, OBA #19855
EDMONDS COLE LAW FIRM, PLLC
7 S. Mickey Mantle Drive, Second Floor
Oklahoma City, Oklahoma  73104-2458
Phone: 405-272-0322 Fax: 405-235-4654
randywitzke@sbcglobal.net
nkirkland@edmondscole.com

ATTORNEYS FOR PLAINTIFF